# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 01-1097

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Todd Virgil Larson, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

———————

Submitted: June 12, 2001

Filed: July 10, 2001

———————

Before BOWMAN and HEANEY, Circuit Judges, and KOPF,[1] District Judge.

———————

PER CURIAM.

In 1992, Todd Virgil Larson pleaded guilty to a state misdemeanor assault charge under Minn. Stat. § 609.224 (1992). In 2000, he was charged with three counts of firearms violations under various subsections of 18 U.S.C. § 922 (1994 & Supp. IV 1998). Filing a motion in limine to dismiss the Minnesota assault conviction as a predicate to the § 922 charges (the indictment includes other convictions as additional predicates to the federal charges), Larson argued that it was unclear from the state-

———————

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska, sitting by designation.

court record whether the 1992 misdemeanor assault conviction qualified as a "misdemeanor crime of domestic violence" within the purview of 18 U.S.C. § 922(g)(9). The lack of clarity resulted, his argument continued, from the structure of Minn. Stat. § 609.224 and the nature of his plea of guilty to the criminal offense proscribed by section 609.224. The statute provides:

> Subdivision 1. **Misdemeanor.** Whoever does any of the following commits an assault and is guilty of a misdemeanor:
>
> (1)    commits an act with intent to cause fear in another of immediate bodily harm or death; or
>
> (2)    intentionally inflicts or attempts to inflict bodily harm upon another.

It is undisputed that only clause (2) of the above-quoted statute satisfies "the use or attempted use of physical force" element required to prosecute defendant under 18 U.S.C. § 922(g)(9). 18 U.S.C. § 921(a)(33)(A). In United States v. Smith, 171 F.3d 617 (8th Cir. 1999), the Eighth Circuit held that a state misdemeanor assault conviction is sufficient as a predicate crime for purposes of § 922(g)(9) as long as the underlying conviction is for assault involving use of physical force rather than merely placing the victim in fear of imminent bodily harm. Id. at 620. Here, Larson contended, neither the plea transcript nor the record of conviction nor the charging document resolves the question whether he pleaded guilty to clause (1) or clause (2) of section 609.224 subd. 1.

After reviewing the record, the District Court[2] concluded that Larson's arguments were well-founded and granted his motion in limine to dismiss the Minnesota assault

---

[2]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

conviction as a predicate offense. The government seeks review of the court's ruling, bringing an interlocutory appeal pursuant to 18 U.S.C. § 3731 (1994)

Having considered the record and the arguments of the parties, we agree with the District Court that the state-court record does not make it clear whether Larson pleaded guilty under clause (1) or (2) of Minn. Stat. § 609.224 subd. 1. Accordingly, the ruling of the District Court is affirmed, and the case is remanded for trial on the pending § 922 charges, none of which has been dismissed in its entirety. As the District Court noted, other predicate offenses remain for the government to proceed with its case.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.