# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1471

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Wallace Graham, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: September 7, 2010
Filed: September 30, 2010

_____

Before BYE, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Wallace Graham appeals the sentence the District Court[1] imposed after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). His counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the District Court's determination that Graham had three predicate felony offenses and was thus subject to an enhanced sentence under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4. In a pro se brief, Graham argues that the government had the burden of proving three predicate convictions, that

_____

[1] The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

sections 922(g)(1) and 924(e) violated the Administrative Procedure Act, and that the presentence report (PSR) contained unspecified factual errors.

We agree with the District Court that Graham had three predicate felony convictions, which qualified him for an enhanced sentence. See 18 U.S.C. § 924(e)(1) (stating that a person who violates § 922(g) and has three previous convictions for a violent felony or a serious drug offense that were committed on occasions different from one another, shall be imprisoned for not less than fifteen years). Specifically, we conclude that Graham's convictions for aggravated assault in 1996, attempted robbery in 1999, and second degree battery in 2000 were for violent felonies. See 18 U.S.C. § 924(e)(2)(B)(i) (stating that "violent felony" means, inter alia, any crime punishable by imprisonment for term exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another"); Ark. Code Ann. § 5-13-204 (elements of aggravated assault), § 5-12-102 (elements of robbery), § 5-3-201 (conduct constituting attempt), § 5-13-202 (elements of second degree battery), § 5-4-401 (listing maximum prison sentences).

Having carefully considered Graham's pro se arguments, we conclude that they lack merit: Graham did not dispute the PSR's factual statements that he had sustained these three convictions, see United States v. Redding, 16 F.3d 298, 302 (8th Cir. 1994); statutes are not subject to administrative rulemaking requirements; and Graham's claim that the PSR contained factual errors is entirely conclusory. We deny as moot Graham's pending motion regarding his brief.

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issue. Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the District Court.

_____