MURPHY, Circuit Judge.
Delroy Fischer was charged with possession of a firearm after having been convicted of a misdemeanor crime of domestic violence in violation of 18 U.S.C. § 922(g)(9). Fischer pled guilty but reserved the right to appeal a decision of the district court[1] to deny his motion to dismiss the indictment. We affirm.
In January 2006, Fischer was charged in Nebraska state court with third degree domestic assault under Neb.Rev.Stat. § 28-323. The arrest warrant and supporting affidavit alleged that Fischer had yelled at, struck, and bit the nose of his former girlfriend, who was also the mother of his children. Fischer pled no contest to an amended charge of attempted assault in the third degree under Neb.Rev.Stat. § 28-310. At his state court plea hearing, Fischer stipulated that the court would take judicial notice of the factual allegations in the arrest warrant and affidavit, and the court accepted those allegations as the “factual basis” of Fischer’s plea.
More than two years later, Fischer’s girlfriend reported to the police a domestic disturbance involving Fischer. By Fischer’s own admission he had gotten angry and fired a shotgun. He was charged with possession of a firearm after conviction for a misdemeanor crime of domestic violence under 18 U.S.C. § 922(g)(9).
Fischer moved to dismiss the indictment, arguing that his Nebraska conviction was not a “misdemeanor crime of domestic violence” as defined in 18 U.S.C. § 921(a)(33)(A) because it did not have “as an element, the use or attempted use of physical force.” Relying on the arrest warrant and supporting affidavit which described Fischer’s violent conduct, the district court concluded that Fischer’s prior conviction did fit the definition and denied his motion to dismiss.
Fischer moved to dismiss the indictment a second time after obtaining a nunc pro tunc order from the Nebraska court stating that:
1. [Fischer] pled to, and was convicted of, violating Neb.Rev.Stat. § 28-310, which does not require a finding of assault or attempted assault on an “intimate partner”;
2. That the conviction in this case did not involve any factual findings that any domestic assault or attempted domestic assault occurred;
3. That insofar as the record in this case may involve allegations of domestic assault or attempted domestic assault, any and all allegations are hereby stricken from the record.
The district court found that the state court order did not change its analysis and again denied Fischer’s motion.
In response to a later motion in limine filed by the government, Fischer also raised a due process objection, contending that the state court had not adequately advised him that his conviction could serve as the predicate offense for a federal firearms violation. The district court rejected this argument, concluding that the state court had no duty to give such advice.
Fischer subsequently entered a conditional guilty plea, reserving the right to appeal the district court’s decision to deny *1008 his second motion to dismiss the indictment. Because Fischer’s conditional plea reserved an appeal only of the denial of his second motion to dismiss, Fischer waived his due process claim, which was raised months after that ruling. See United States v. Limley, 510 F.3d 825, 827 (8th Cir.2007) (conditional plea must “identify precisely” the pretrial issues preserved for appellate review).[2] The only question properly before this court is whether Fischer’s state court conviction of attempted assault in the third degree qualifies as a predicate “misdemeanor crime of domestic violence.”
We review de novo the district court’s denial of Fischer’s motion to dismiss the indictment. Amerson, 599 F.3d at 855. Under 18 U.S.C. § 922(g)(9) anyone “who has been convicted in any court of a misdemeanor crime of domestic violence” is prohibited from possessing a firearm. A “misdemeanor crime of domestic violence” is defined as a “misdemeanor under Federal, State, or Tribal law” that has, “as an element,”
the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the vietimf.]
18 U.S.C. § 921(a)(33)(A). Fischer does not dispute that he had a domestic relationship with the victim in the incident which gave rise to his state court conviction. It is not required that such a relationship be an element of the predicate offense, so long as it is proven beyond a reasonable doubt. United States v. Hayes, 555 U.S. 415, 129 S.Ct. 1079, 1087, 172 L.Ed.2d 816 (2009). The only question here is whether the crime for which Fischer was convicted “has, as an element, the use or attempted use of physical force” or “the threatened use of a deadly weapon.”
The statute under which Fischer was convicted provides:
(1) A person commits the offense of assault in the third degree if he:
(a) Intentionally, knowingly, or recklessly causes bodily injury to another person; or
(b) Threatens another in a menacing manner.
Neb.Rev.Stat. § 28-310(1). This court ordinarily looks “only to the predicate offense rather than to the defendant’s underlying acts to determine whether the required elements are present,” United States v. Smith, 171 F.3d 617, 620 (8th Cir.1999), but when, as here, a criminal statute reaches a “broad range of conduct,” an expanded inquiry is warranted, Amerson, 599 F.3d at 855. That inquiry “may include the written plea agreement, transcript of plea colloquy, and any explicit factual findings by the trial judge to which the defendant assented.” Id. (quoting United States v. Howell, 531 F.3d 621, 623 (8th Cir.2008)).
Fischer argues that the district court erred in concluding that his conviction was an adequate predicate offense because it is impossible to tell whether he was convicted under § 28-310(l)(a) or (b). That argument is belied by the record of his state court conviction. The state court explicitly stated that it accepted the allegations contained in the arrest warrant and support *1009 ing affidavit as the “factual basis” of Fischer’s plea. Those documents indicate that Fischer physically assaulted the victim, striking her face and biting her nose. Fischer did not object to those facts, and he stipulated to the court’s taking judicial notice of them. As there is little question that the biting of a victim’s nose is an intentional act causing bodily harm and not merely a threatening act, it is clear that Fischer was convicted under § 28-310(l)(a). See Smith, 171 F.3d at 620-21 (an expanded inquiry is appropriate to determine under which portion of a statute a defendant was convicted).
Fischer further contends that even if § 28-310(l)(a) applies, it does not contain the requisite force element because a hypothetical defendant could cause bodily injury to another person without using physical force. In this respect, the present case is indistinguishable from Amer-son. The statute at issue there, Neb.Rev. Stat. § 28-323(l)(a), contains nearly the same language as § 28 — 310(l)(a). Both statutes prohibit conduct that “causes bodily injury” to another person and therefore encompass a broad range of conduct. 599 F.3d at 855. Like Fischer, the defendant in Amerson did not object to a state court’s recitation of the facts establishing his use of physical force at his guilty plea hearing. Id. In doing so, he “assented to factual findings that satisfy the force requirement of 18 U.S.C. § 921(a)(33)(A)(ii).” Id. Because Amerson controls here, the district court did not err in concluding that Fischer’s previous conviction qualified as a misdemeanor crime of domestic violence.
The district court correctly determined that the state court’s nunc pro tunc order did not change this analysis. That order only clarified that Fischer’s previous conviction under Neb.Rev.Stat. § 28-310 did not contain an element requiring that Fischer’s victim was an “intimate partner” or that his assault was “domestic” in nature. Such an element is not required for characterization as misdemeanor crime of domestic violence. See Hayes, 129 S.Ct. at 1087.
Because Fischer’s state court conviction satisfied the force requirement and there was no question that he had a domestic relationship with the victim, that conviction served as a predicate misdemeanor crime of domestic violence for criminal liability under 18 U.S.C. § 922(g)(9). We conclude that the district court did not err in denying Fischer’s motion to dismiss, and affirm its judgment.

. The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

. Though we need not reach Fischer's due process claim, it is nonetheless unpersuasive. See United States v. Amerson, 599 F.3d 854, 855 (8th Cir.2010) (per curiam) ("Courts do not have a general duty to inform defendants of specific, detailed consequences of their pleas.”).