# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3797
_____

Juan J. Reyes-Soto

*Plaintiff - Appellant*

v.

Loretta E. Lynch, Attorney General of the United States; Chester S. Moyer, St. Louis Field Office Director of U.S. Citizenship and Immigration Services; Jeh Johnson, Secretary of Homeland Security

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: September 23, 2015
Filed: December 10, 2015
_____

Before LOKEN, BEAM, and SHEPHERD, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

One requirement for naturalization is that the applicant be "a person of good moral character." 8 U.S.C. § 1427(a). The United States Citizenship and Immigration Services (USCIS) determined that because Juan Reyes-Soto had violated South Carolina Code § 16-23-410, South Carolina's "Pointing firearm at another person"

statute, he had committed an aggravated felony and thus could not establish "good moral character." Reyes-Soto sought review of the decision in district court. The district court[1] reached the same conclusion, that Reyes-Soto could not establish "good moral character." Reyes-Soto appeals on the ground that § 16-23-410 does not have a *mens rea* requirement, so violation of § 16-23-410 cannot constitute an aggravated felony. We affirm.

I.

Reyes-Soto is a citizen of Mexico and a lawful permanent resident of the United States. In 1993, he was indicted for the felony of pointing a firearm at another person in violation of South Carolina Code § 16-23-410. Reyes-Soto pled guilty and was sentenced to three years imprisonment, suspended upon either one year imprisonment or the payment of $500 plus costs with one year probation. Reyes-Soto selected payment and probation.

Over one decade later, Reyes-Soto filed an N-400 Application for Naturalization with the USCIS. The USCIS denied Reyes-Soto's application, finding that Reyes-Soto's conviction under § 16-23-410 constituted an aggravated felony and that as a person who "at any time has been convicted of an aggravated felony," he was precluded from establishing the "good moral character" required under 8 U.S.C. § 1427(a). Reyes-Soto requested and received a hearing before an immigration officer. The immigration officer denied Reyes-Soto naturalization based on the same reasoning.

Reyes-Soto petitioned the district court for review of the immigration officer's denial pursuant to 8 U.S.C. § 1421(c). Each party filed a motion for summary

---

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

judgment. The district court reviewed the USCIS's determination *de novo* and granted the government's motion for summary judgment, holding that Reyes-Soto's conviction qualified as a crime of violence under 18 U.S.C. § 16(b), one "that naturally involve[s] a person acting in disregard of the risk that physical force might be used against another in committing an offense," and thus an aggravated felony. Reyes-Soto v. Holder, 2014 WL 5427532, at *3 (E.D. Mo. Oct. 24, 2014) (quoting Leocal v. Ashcroft, 543 U.S. 1, 10 (2004)). Reyes-Soto now appeals.

II.

A.

"We review the district court's grant of the government's motion for summary judgment *de novo*, viewing the facts in the light most favorable to [Petitioner] and drawing all reasonable inferences in his favor." Nyari v. Napolitano, 562 F.3d 916, 920 (8th Cir. 2009). "As the moving party, the government 'bears the burden of showing both the absence of a genuine issue of material fact and an entitlement to judgment as a matter of law.'" Nyari, 562 F.3d at 920 (citing Singletary v. Mo. Dep't of Corr., 423 F.3d 886, 890 (8th Cir. 2005)).

"An applicant for naturalization 'bear[s] the burden of establishing by a preponderance of the evidence that he or she meets all of the requirements for naturalization.'" Nyari, 562 F.3d 919 (quoting 8 C.F.R. § 316.2(b)). One of the requirements that Reyes-Soto must establish to be eligible for naturalization is that he is "a person of good moral character." 8 U.S.C. § 1427(a). A person is not of good moral character if he or she is "one who at any time has been convicted of an 'aggravated felony.'" 8 U.S.C. § 1101(f)(8). For purposes of naturalization, an "aggravated felony" is "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at

-3-

least one year."[2]  8 U.S.C. § 1101(a)(43)(F).  Under 18 U.S.C. § 16, a crime of violence is:

> "(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

"The language of § 16 'requires us to look to the elements and nature of the offense of conviction, rather than to the particular facts relating to petitioner's crime.'" U.S. v. Torres-Villalobos, 487 F.3d 607, 614 (8th Cir. 2007) (citing Leocal v. Ashcroft, 543 U.S. 1, 7 (2004)).[3]  Thus, if pointing a gun at a person in violation of § 16-23-410 qualifies as a § 16(a) crime of violence, Reyes-Soto does not qualify for naturalization.[4]

---

[2] "Any reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence." Hernandez v. Holder, 760 F.3d 855, 859 (8th Cir. 2014) (quoting 8 U.S.C. § 1101(a)(48)(B)).  It is undisputed that Reyes-Soto received a three-year suspended sentence.  This requirement of an aggravated felony under § 1101(a)(43)(F) is met.

[3] Because this court finds that violations of S.C. Code Ann. § 16-23-410 are categorically § 16(a) crimes of violence, this court need not analyze Reyes-Soto's specific conduct.

[4] In a Federal Rules of Appellate Procedure 28(j) letter, Reyes-Soto argues that 18 U.S.C. § 16(b) was rendered unconstitutional by Johnson v. United States, 135 S.Ct. 2551 (2015).  See Dimaya v. Lynch, 803 F.3d 1110, 1120 (9th Cir. 2015) (finding the Immigration and Nationality Act's definition of "aggravated felony" based on § 16(b) is unconstitutionally vague).  This court affirms under § 16(a) and thus does not address this issue.

-4-

B.

The district court and USCIS found that violation of § 16-23-410 constituted a crime of violence under § 16(b), and both parties focus their arguments on the applicability of § 16(b). Reyes-Soto argues that § 16-23-410 is a strict liability crime and thus does not include a "higher *mens rea* than [] merely accidental or negligent conduct," a requirement of all § 16(b) crimes of violence. Leocal, 543 U.S. at 11. The government argues that § 16-23-410 has as an element the *mens rea* of intent to present or point a firearm in a threatening manner. The district court, citing In re Spencer R., found that § 16-23-410 includes as an element the intent to "offer to view [a firearm] in a threatening manner, or . . . show in a threatening manner." 387 S.C. 517, 522-23, 692 S.E.2d 569, 572 (S.C. Ct. App. 2010). We agree with the district court that § 16-23-410 does include as an element the intent to threaten. However, in order for § 16-23-410 to be a crime of violence under § 16(b), it additionally needs to "involve[] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." For this reason, we conclude that § 16-23-410 is more easily analyzed with respect to § 16(a), which describes crimes of violence which include as an element the "threatened use of physical force against the person or property of another."[5]

The South Carolina Supreme Court has not determined whether intent to threaten or present in a threatening manner is an element of § 16-23-410. As a result,

---

[5]This court has found that where a statute requires intentional pointing of a firearm or displaying of a firearm in a threatening manner, violation of the statute categorically qualifies as a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S. v. Maid, 772 F.3d 1118, 1120-21 (8th Cir. 2014) (finding that violation of an Iowa statute prohibiting "[i]ntentionally point[ing] any firearm toward another, or display[ing] in a threatening manner any dangerous weapon toward another," categorically qualified as a crime of violence under sentencing guideline USSG § 4B1.2(a)(1)).

this court must predict how the South Carolina Supreme Court would resolve this issue. See United Fire & Cas. Ins. Co. v. Garvey, 328 F.3d 411, 413 (8th Cir. 2003) (citing Jackson v. Anchor Packing Co., 994 F.2d 1295, 1301 (8th Cir. 1993)). Decisions of the "various intermediate appellate courts are not [binding, but] they are persuasive authority, and [we] must follow them when they are the best evidence of what [state] law is." Id. (citing Marvin Lumber & Cedar Co. v. PPG Indus., Inc., 223 F.3d 873, 883 (8th Cir. 2000)). For questions of state law, the United States Supreme Court's custom is ordinarily "to defer to the interpretation of the Court of Appeals for the Circuit in which the State is located." Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 16 (2004), abrogated on other grounds by Intern., Inc. v. Static Control Components, Inc., 134 S.Ct. 1377 (2014).

South Carolina and Fourth Circuit precedent indicate that pointing a firearm in violation of § 16-23-410 is a § 16(a) crime of violence. See United States v. King, 673 F.3d 274, 280 (4th Cir. 2012); In re Spencer R., 692 S.E.2d at 572. The elements of § 16-23-410 are "(1) pointing or presenting; (2) a loaded or unloaded firearm; (3) at another." State v. Burton, 356 S.C. 259, 264, 356 S.E.2d 6, 8 (2003). Courts have found that § 16-23-410 also includes an implied *mens rea* element of intent to threaten or in a threatening manner, as well. See In re Spencer R., 692 S.E.2d at 572; see also Staples v. United States, 511 U.S. 600, 605 (1994) ("[S]ilence on [the point of *mens rea*] does not necessarily suggest that Congress intended to dispense with a conventional *mens rea* element . . . we must construe the statute in light of the background rules of the common law, . . . in which the requirement of some *mens rea* for a crime is firmly embedded.") (internal citations omitted).

In In re Spencer R., the Court of Appeals for South Carolina upheld a conviction under § 16-23-410 for showing a gun to another in a threatening manner. 692 S.E.2d at 573. Spencer R. threatened to shoot a fellow student. Id. Later, he sat near the bus stop where that student would be dropped off, holding an assault rifle in plain view and glaring. Id. at 571. The student, an adult, and another student passed

by. Id. The court upheld Spencer R.'s conviction regarding only the student Spencer R. had previously threatened to shoot. Id. at 573. The court determined that because "present[ing]" a gun was parallel to "point[ing]" a gun within the statute, "to present" a gun meant "to offer to view in a threatening manner, or to show in a threatening manner." Id. at 572. The court also relied on other states' firearm pointing and presenting statutes which include as an element the intent to threaten in concluding that "a threatening manner" is an element of § 16-23-410. Id. (citing State v. Overshon, 528 S.W.2d 142 (Mo. Ct. App. 1975); People v. Sanders, 11 Cal.4th 475, 905 P.2d 420 (1995)).

Reyes-Soto counters that the intent to threaten only applies to presenting a weapon and not to pointing. However, in applying a *mens rea* element to "presenting," without discussing the *mens rea* associated with pointing, "[In re Spencer R.] implie[d] that, if anything, pointing is the more obviously threatening and intentional act." Cole v. U.S. Atty. Gen., 712 F.3d 517, 527 (11th Cir. 2013) (cert. denied, 134 S.Ct. 158 (2013)) (discussing In re Spencer R.'s description of pointing as overt compared to "the more passive action of showing or displaying a firearm in a threatening or menacing manner." 692 S.E.2d at 572 ). The Fourth Circuit endorsed this view of In re Spencer R. in United States v. King, finding that "the two disjunctively worded terms[, pointing and presenting,] stand on equal footing by both requiring threatening behavior." 673 F.3d at 280 n. 4. Based on this reasoning, the court found that an offender "must point, present, or show a firearm at another in a threatening manner to be convicted" under § 16-23-410, and thus § 16-23-410 "has as an element the . . . threatened use of physical force against the person of another." Id. at 280.

Relying on this precedent, this court holds that § 16-23-410 cannot be violated without the "threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). Thus, violation of § 16-23-410 is categorically a crime of violence under § 16(a) and constitutes an aggravated felony under

§ 1101(a)(43)(F). Because Reyes-Soto has an aggravated felony conviction, he is not considered to be "a person of good moral character" as required by § 1427(a), and the district court properly denied his petition for naturalization.

## III.

We affirm the district court's ruling that Reyes-Soto, in violating § 16-23-410, committed an aggravated felony and is not eligible for naturalization.

_____