# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3444

_____

United States of America

*Plaintiff - Appellee*

v.

Bralen Lamar Jordan

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: December 14, 2015
Filed: February 12, 2016

_____

Before MURPHY, BENTON, and KELLY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Bralen Jordan pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The district court enhanced Jordan's sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), after concluding that he had three prior violent felony convictions, and sentenced him to 180 months. Jordan appeals, arguing that two of his prior convictions were not violent felonies under the ACCA. We reverse and remand for resentencing.

The ACCA imposes a mandatory minimum fifteen year sentence if a defendant has been convicted as a felon in possession of a firearm "and has three previous convictions by any court . . . for a violent felony." 18 U.S.C. § 924(e)(1). A conviction can qualify as a "violent felony" if it is punishable by more than one year imprisonment and meets one of three requirements. Id. § 924(e)(2)(B). First, if a conviction "has as an element the use, attempted use, or threatened use of physical force against the person of another," it qualifies as a violent felony under the force clause. Id. § 924(e)(2)(B)(i). Second, if a conviction "is burglary, arson, or extortion, [or] involves use of explosives," it qualifies as a violent felony. Id. § 924(e)(2)(B)(ii). Finally, if a conviction "otherwise involves conduct that presents a serious potential risk of physical injury to another," it qualifies as a violent felony under the residual clause. Id. Within the last year the residual clause was held to be unconstitutional by the Supreme Court in Samuel Johnson v. United States, 135 S. Ct. 2551 (2015).

In May 2014, Jordan pled guilty to possessing a firearm as a convicted felon. At Jordan's sentencing hearing later that year, the government argued that he had three prior violent felony convictions and therefore qualified as an armed career criminal. There is no dispute that Jordan's conviction in 2002 for threatening to destroy property with explosives qualifies as a violent felony. Jordan argued at sentencing, however, that his convictions for domestic battery in the third degree and for aggravated assault were not violent felonies. The district court concluded that these two convictions were violent felonies under the force and residual clauses of the ACCA and enhanced his sentence accordingly. Because the residual clause has meanwhile been held to be unconstitutional, we only analyze whether these convictions qualify as violent felonies under the force clause of the ACCA. After that analysis, we conclude that aggravated assault under Ark. Code Ann. § 5-13-204(a)(1) is not a violent felony under the force clause.

We review de novo the district court's determination of whether Jordan's convictions qualify as violent felonies under the ACCA. United States v. Soileau,

686 F.3d 861, 864 (8th Cir. 2012). In determining whether a conviction is a violent felony, courts must "start with the formal categorical approach and look only to the fact of conviction and the statutory definition of the prior offense." Id. (internal quotation marks omitted). In a situation where a statute criminalizes both conduct that does and does not qualify as a violent felony, courts apply the modified categorical approach. See United States v. Bankhead, 746 F.3d 323, 326 (8th Cir. 2014). The modified categorical approach allows courts to review the charging document, plea agreement, and "comparable judicial records" to identify which section of the statute supplied the basis for a defendant's conviction. Id. Courts then consider whether the text of that section, not the facts underlying the conviction, fits within the definition of a violent felony. See Soileau, 686 F.3d at 864 (internal quotation marks omitted). The district court properly applied the modified categorical approach to conclude that Jordan was convicted under subsection (a)(1) of the Arkansas aggravated assault statute. Not only is the crime overinclusive and divisible, but Jordan's charging document contains language identical to subsection (a)(1).

To qualify as a violent felony under the force clause, a statute must have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Physical force "means *violent* force—that is, force capable of causing physical pain or injury to another person." Curtis Johnson v. United States, 559 U.S. 133, 140 (2010). If a statute only requires the government to prove that a defendant created a risk of harm to another, it does not qualify as a violent felony under the force clause because the government need not prove violent physical force. See United States v. Parral-Dominguez, 794 F.3d 440, 444–46 (4th Cir. 2015); United States v. Jaimes-Jaimes, 406 F.3d 845, 849–51 (7th Cir. 2005); United States v. Calderon-Pena, 383 F.3d 254, 256–62 (5th Cir. 2004) (en banc). For example, the Fifth Circuit has concluded that the offense of knowingly "engag[ing] in conduct that places a child younger than 15 years in imminent danger of . . . bodily injury" does not qualify as a violent felony under the force clause in the

-3-

sentencing guidelines.[1] Calderon-Pena, 383 F.3d at 256–62 (quoting Tex. Pen. Code Ann. § 22.041(c)). The Fifth Circuit noted that a conviction for child endangerment does not require the government to prove physical force because it "does not require any bodily contact (let alone violent or forceful contact) or any injury in order for a conviction to lie." Id. at 259. This is what separates the force clause from the residual clause, because unlike the residual clause the force clause "does not encompass conduct that presents a serious potential risk of physical injury to another." Jaimes-Jaimes, 406 F.3d at 849.

To be convicted of aggravated assault under Ark. Code Ann. § 5-13-204(a)(1) a person must manifest "extreme indifference to the value of human life" and "purposely [e]ngage[] in conduct that creates a substantial danger of death or serious physical injury to another person." Because subsection (a)(1) of Arkansas' aggravated assault statute only requires the government to prove that a defendant's conduct created "a substantial danger of death or serious physical injury" it does not qualify as a violent felony under the force clause. See Ark. Code Ann. § 5-13-204(a)(1); see also United States v. Esparza-Perez, 681 F.3d 228, 229 n.4 (5th Cir. 2012) (government concedes, under Fifth Circuit precedent, that Ark. Code Ann. § 5-13-204(a)(1) does not have as an element the use, attempted use, or threatened use of physical force against the person of another).

The government points to United States v. Graham, 394 F. App'x 354 (8th Cir. 2010), an unpublished opinion, as support for its position that Arkansas' aggravated assault statute is categorically a violent felony. Nevertheless, unpublished opinions are not controlling precedent. United States v. Brunken, 581 F.3d 635, 638 (8th Cir.

---

[1]Due to "their nearly identical definitions, we construe 'violent felony' under 18 U.S.C. § 924(e)(2)(B)(ii) (the Armed Career Criminal Act) and 'crime of violence' under the Guidelines as interchangeable, including the corresponding force clauses and residual clauses." United States v. Boose, 739 F.3d 1185, 1187 n.1 (8th Cir. 2014).

-4-

2009). Neither does <u>United States v. Vinton</u> require classification as a violent felony of subsection (a)(1) of the Arkansas aggravate assault statute. 631 F.3d 476 (8th Cir. 2011). In <u>Vinton</u>, we concluded that subdivision (2) of Missouri's second degree assault statute was a crime of violence under the ACCA. <u>Id.</u> at 485–86. A person commits second degree assault under subdivision (2) if he "[a]ttempts to cause or knowingly causes physical injury to another person by means of a deadly weapon or dangerous instrument." <u>Id.</u> at 485 (quoting Mo. Rev. Stat. § 565.060.1(2)). The statute in this case, however, does not require the government to prove that a defendant attempted to cause or caused physical injury to another or that the defendant used a deadly weapon or dangerous instrument. Rather, subsection (a)(1) of Arkansas' aggravated assault statute merely requires the government prove that a defendant engaged in conduct that created "a substantial danger of death or serious physical injury." <u>See</u> Ark. Code Ann. § 5-13-204(a)(1).

The district court thus erred by concluding that Jordan's aggravated assault conviction was a violent felony, and sentencing him as an armed career criminal. The judgment is vacated and the case remanded for resentencing consistent with this opinion.

_____