# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2739
_____

United States of America,

*Plaintiff - Appellee,*

v.

Cody James Horse Looking,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the District of South Dakota - Pierre
_____

Submitted: February 12, 2016
Filed: July 11, 2016
_____

Before SMITH and COLLOTON, Circuit Judges, and GRITZNER,[1] District Judge.
_____

COLLOTON, Circuit Judge.

Cody James Horse Looking was charged in August 2014 with unlawful possession of a firearm by a person "who has been convicted in any court of a misdemeanor crime of domestic violence." *See* 18 U.S.C. § 922(g)(9). Horse

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, sitting by designation.

Looking moved to dismiss the indictment on the ground that he had not sustained a qualifying prior conviction. The district court denied the motion, and Horse Looking entered a conditional guilty plea, reserving his right to appeal the district court's ruling. We conclude, based on the relevant judicial records under the required analytical approach, that Horse Looking's prior conviction does not meet the definition of a "misdemeanor crime of domestic violence."

Under 18 U.S.C. § 922(g)(9), any person "who has been convicted in any court of a misdemeanor crime of domestic violence" is prohibited from possessing a firearm. A "misdemeanor crime of domestic violence" must have, "as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon." 18 U.S.C. § 921(a)(33)(A)(ii). The perpetrator also must have a familial or similar domestic relationship to the victim. *Id.*

In 2010, a grand jury in Hughes County, South Dakota, charged Horse Looking with "Simple Assault Domestic Violence." The South Dakota simple assault statute provides in relevant part:

> Any person who:
> (1) Attempts to cause bodily injury to another and has the actual ability to cause the injury;
> (2) Recklessly causes bodily injury to another;
> (3) Negligently causes bodily injury to another with a dangerous weapon;
> (4) Attempts by physical menace or credible threat to put another in fear of imminent bodily harm, with or without the actual ability to harm the other person; or
> (5) Intentionally causes bodily injury to another which does not result in serious bodily injury;
> is guilty of simple assault.

S.D. Codified Laws § 22-18-1. The indictment charged Horse Looking in the alternative with violating subsections (1), (4), and (5). It also alleged that the assault involved a domestic relationship. *See* S.D. Codified Laws § 25-10-34 (requiring the state's attorney to indicate on an indictment whether the charge involves domestic abuse).

To determine whether a conviction qualifies as a misdemeanor crime of domestic violence, we must apply the Supreme Court's "categorical approach." *United States v. Castleman*, 134 S. Ct. 1405, 1413 (2014). In that analysis, we look to the statute of conviction to determine whether it "necessarily 'ha[d], as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon.'" *Id.* (alteration in original) (quoting 18 U.S.C. § 921(a)(33)(A)); *see Shepard v. United States*, 544 U.S. 13, 26 (2005); *Taylor v. United States*, 495 U.S. 575, 602 (1990).

The South Dakota assault statute effectively lists at least five separate crimes with different elements. It is, in the parlance of the field, a "divisible statute." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). In that situation, we are directed to apply the "modified categorical approach" to determine which alternative formed the basis for the defendant's conviction. *Id.* at 2285. We may examine charging documents, plea agreements, plea colloquies, and comparable judicial records to make the determination. *Id.*; *Shepard*, 544 U.S. at 26. The "sole permissible purpose of the modified categorical approach is 'to determine which statutory phrase was the basis for *the conviction*.'" *United States v. Martinez*, 756 F.3d 1092, 1097 (8th Cir. 2014) (quoting *Johnson v. United States*, 559 U.S. 133, 144 (2010)).

The parties agree that subsections (1) and (5) of the South Dakota statute qualify as misdemeanor crimes of domestic violence. Subsection (5) requires proof that the defendant intentionally caused bodily injury; subsection (1) requires an attempt to do so. Because "intentional causation of bodily injury necessarily involves

the use of physical force," *Castleman*, 134 S. Ct. at 1414, these two offenses have, as an element, the use or attempted use of physical force.

The parties also agree, however, that subsection (4) does not qualify as a predicate offense. This alternative forbids an attempt "by physical menace or credible threat to put another in fear of imminent bodily harm." An offender might use physical force when attempting by "physical menace" to put another in fear of harm. But he also could violate subsection (4) without using or attempting to use force, and without threatening the use of a deadly weapon, as required by the definition of "misdemeanor crime of domestic violence." Pumping a fist in an angry manner could be sufficient. *Cf. United States v. Smith*, 171 F.3d 617, 620 (8th Cir. 1999) (holding that a statute forbidding "[a]ny act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive" did not have, as an element, the use or attempted use of force); *United States v. Larson*, 13 F. App'x 439, 439-40 (8th Cir. 2001) (per curiam). Thus, if Horse Looking was convicted under § 22-18-1(4), his federal conviction cannot stand.

We look to judicial records of the state court proceeding in an effort to determine which subsection was the basis for Horse Looking's conviction. *See Johnson v. United States*, 559 U.S. 133, 144 (2010). In *Castleman*, that inquiry was "straightforward": the state-court indictment specified which of several alternative offenses formed the basis for the defendant's conviction. 134 S. Ct. at 1414. Not so here. The indictment charged Horse Looking with violating subsections (1), (4), and (5) of the South Dakota statute in the alternative. The order suspending imposition of sentence and a later order revoking suspended imposition of sentence do not help either. Both say that Horse Looking pleaded guilty "to the charge of Simple Assault Domestic Violence (SDCL 22-18-1)," without specifying under which subsection he was convicted.

-4-

The government relies on the guilty plea colloquy to urge that Horse Looking was convicted under subsection (5). At the plea hearing, the court summarized the charges against Horse Looking by stating that "you attempted to cause—you threatened to cause, or you intentionally caused bodily injury to [your wife]." This summary covers all three subsections: (1) ("attempted to cause . . . bodily injury"), (4) ("threatened to cause . . . bodily injury"), and (5) ("intentionally caused bodily injury"). When asked what happened, Horse Looking said that he and his wife "got into an argument and she became physical and she cut me and I pushed her." R. Doc. 33-2, at 5. The court then asked "did you threaten some sort of—to her, was there some injury to her?" Horse Looking answered that he "pushed her," and "she fell down." The court inquired whether that caused "some cuts or bruises," and Horse Looking said he was not aware of any, but his attorney volunteered that the victim "testified that she had some abrasions on her ankle or knee." *Id*. at 6. Based on these facts, the state court found a factual basis for the plea and entered an order suspending imposition of sentence.

The plea colloquy establishes that Horse Looking *could have been* convicted under subsection (5). His attorney admitted that the victim testified to suffering bodily injury in the form of abrasions. Horse Looking's admission that he pushed the victim down supported an inference that he acted intentionally and thus satisfied the general intent element of the offense. *Cf. State v. Boe*, 847 N.W.2d 315, 323 (S.D. 2014) (explaining that aggravated assault is a general intent crime).

But the colloquy does not exclude the possibility that Horse Looking was convicted under subsection (4)—*i.e.*, attempting by physical menace to put another in fear of imminent bodily harm. Horse Looking's push of his wife is sufficient to establish a "physical menace." Physical menace requires "some physical act," *People ex rel. R.L.G.*, 707 N.W.2d 258, 261 (S.D. 2005) (per curiam), and it can include the use of physical force. *People ex rel. A.D.R.*, 499 N.W.2d 906, 911 (S.D. 1993) (applying S.D. Codified Laws § 22-18-1.1(5)). The attempt element requires a

general intent to try to put the victim in fear by physical menace. *State v. Schmiedt*, 525 N.W.2d 253, 256 (S.D. 1994) (per curiam). Horse Looking's act of pushing down his wife in the course of an argument also supported a reasonable inference that he intended to put her in fear.

Unlike the situation in *United States v. Fischer*, 641 F.3d 1006 (8th Cir. 2011), we cannot say that convictions under the two alternatives are mutually exclusive. In *Fischer*, the defendant was convicted under a divisible Nebraska assault statute that forbade both (1) intentionally causing bodily injury and (2) threatening another in a menacing manner. *Id.* at 1008. Where the factual basis established that the defendant struck the victim's face and bit her nose, we concluded that "the biting of a victim's nose is an intentional act causing bodily harm and *not merely a threatening act*." *Id.* at 1009 (emphasis added). On that basis, the court ruled that the defendant necessarily was convicted of intentionally causing bodily injury. Under the South Dakota statute, however, the physical menace offense in subsection (4) requires a physical act by the defendant, not merely a threat, so Horse Looking's intentional push does not preclude a conviction under subsection (4). That the victim suffered abrasions on her knee or ankle does not foreclose a conviction for attempting by physical menace to put her in fear of greater bodily harm.

We have been instructed time and again that the categorical approach introduced by *Taylor* created a "demand for certainty" when determining whether a defendant was convicted of a qualifying offense. *Mathis v. United States*, No. 15-6092, 2016 WL 3434400, at *11 (U.S. June 23, 2016); *see Descamps*, 133 S. Ct. at 2290 (asking whether the defendant "necessarily" committed the qualifying crime); *Shepard*, 544 U.S. at 21 (referring to "*Taylor*'s demand for certainty"); *Taylor*, 495 U.S. at 602. It is clear that Horse Looking admitted using physical force against his wife, and that he *could have been* found guilty of a crime that has, as an element, the use of force against his wife. But the judicial record does not establish that Horse Looking necessarily *was convicted* of an assault that has the required element. He

-6-

was charged in the alternative with a non-qualifying assault, and the state court did not specify which alternative was the basis for conviction. The absence of definitive records frustrates the application of the modified categorical approach, but the Supreme Court has made clear that the vagaries of state court recordkeeping do not justify a different analysis. *Johnson*, 559 U.S. at 145; *Shepard*, 544 U.S. at 22-23. We are thus constrained to hold that the district court should have dismissed the indictment.

\*     \*     \*

The judgment of the district court is reversed.

_____