# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1953

_____

United States of America

*Plaintiff - Appellee*

v.

Matthew Trent Hataway

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: April 19, 2019
Filed: August 12, 2019

_____

Before LOKEN, WOLLMAN, and STRAS, Circuit Judges.

_____

LOKEN, Circuit Judge.

Matthew Hataway pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The district court[1] concluded that Hataway had at least three prior violent felony convictions, subjecting him to a

_____

[1]The Honorable Kristine G. Baker, United States District Judge for the Eastern District of Arkansas.

mandatory minimum fifteen-year sentence under the Armed Career Criminal Act ("ACCA"), and at least two prior crime of violence convictions, which increased his guidelines base offense level under USSG § 2K2.1(a)(2). The district court sentenced Hataway to the bottom of the resulting advisory guidelines range -- 262 months -- followed by five years of supervised release. He appeals the sentence, arguing that his prior Arkansas conviction for aggravated assault and South Carolina conviction for pointing a firearm at another person are not ACCA "violent felonies" or "crimes of violence" under the Guidelines. He also appeals a special condition of supervised release requiring him to abstain from use of alcohol during substance abuse treatment. We affirm.

## I. The Sentencing Issues.

The definitions of "violent felony" in the ACCA and "crime of violence" in the Guidelines both include an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i); USSG § 4B1.2(a)(1).[2] Hataway argues the district court erred in determining that his Arkansas conviction for aggravated assault and his South Carolina conviction for pointing a firearm at another person satisfy these force clauses. In making this determination, we use a formal categorical approach that focuses on the elements of the state offense, rather than on the crime the defendant in fact committed, to determine whether a violation "necessarily satisfies" the federal definition of violent felony and crime of violence in the force clauses. See United States v. Swopes, 886 F.3d 668, 670 (8th Cir. 2018) (en banc).

If the state statute is "divisible," meaning that it "list[s] elements in the alternative, and thereby defines multiple crimes," we apply a modified categorical

---

[2]We generally interpret the identical ACCA and guidelines force clauses interchangeably. See United States v. Brown, 916 F.3d 707, 708 (8th Cir. 2019).

approach that examines a limited universe of judicial records "to determine what crime, with what elements, a defendant was convicted of." Mathis v. United States, 136 S. Ct. 2243, 2249 (2016). If conviction under that alternative required the use or threatened use of physical force, then Hataway was convicted of a violent felony. "Before we conclude that a state statute sweeps more broadly than the federal definition of violent felony, there must be a realistic probability, not a theoretical possibility, that the statute encompasses conduct that does not involve use or threatened use of violent force." Swopes, 886 F.3d at 671 (cleaned up).

**A. The Arkansas Aggravated Assault Conviction.** The Presentence Investigation Report recommended that Hataway be sentenced as an armed career criminal based on three prior violent felony convictions, including a 2014 conviction for aggravated assault in violation of Ark. Code Ann. § 5-13-204(a). The statute then provided that -

> (a) A person commits aggravated assault if, under circumstances manifesting extreme indifference to the value of human life, he or she purposely:
>
> > (1) Engages in conduct that creates a substantial danger of death or serious physical injury to another person;
> >
> > (2) Displays a firearm in such a manner that creates a substantial danger of death or serious physical injury to another person; or
> >
> > (3) Impedes or prevents the respiration of another person or the circulation of another person's blood by applying pressure on the throat or neck or by blocking the nose or mouth of the other person.

In United States v. Jordan, 812 F.3d 1183, 1185-87 (8th Cir. 2016), we held that this statute is divisible, and that a conviction under subsection (a)(1) is not a violent

felony under the ACCA force clause. We have not previously considered subsection (a)(2).[3]

Hataway timely objected to the PSR's violent felony recommendations, and the parties filed pre-sentencing memoranda on the issues. The government submitted the Arkansas state court charging document, a July 28, 2014 Information reciting that the Prosecuting Attorney for Saline County -

> charges Matthew Trent Hataway with the crime(s) of AGGRAVATED ASSAULT as follows:
>
> **COUNT 1: AGGRAVATED ASSAULT ARK. CODE ANN. § 5-13-204.** The said defendant in SALINE COUNTY, did unlawfully and feloniously on or about March 28, 2014 point a firearm at [the victim] and threaten him with it.

The Information then quoted the entire statute, including subsections (b) and (c), and alleged: "Thereby committing the offense of AGGRAVATED ASSAULT, said offense being a CLASS D FELONY . . . ." The government asserted that the Information "most closely tracks" subsection (a)(2) because it pleads the use of a firearm, and argued that subsection (a)(2), unlike subsection (a)(1) at issue in Jordan, satisfies the ACCA force clause.

In a responsive memorandum, Hataway stated: "Based upon surplus language that is contained in the information . . . it appears that Mr. Hataway was prosecuted under . . . section (a)(2)" of the Arkansas aggravated assault statute. Hataway then argued that subsection (a)(2) does not satisfy the force clause because it "only

---

[3]In United States v. Pyles, 888 F.3d 1320 (8th Cir. 2018), we held that the counterpart to subsection (a)(3) in the statute that criminalizes aggravated assault on a family member, Ark. Code Ann. § 5-26-306(a)(3), is an ACCA violent felony.

requires the government to prove that a defendant display a firearm in such a manner that creates a substantial danger of death or serious physical injury to another person," not the use or threatened use of violent force.

The district court ruled on ACCA issues in an Order issued the day before sentencing. After noting that § 5-13-204(a) is a divisible statute, the court ruled:

> The criminal information states in pertinent part that Mr. Hataway "did unlawfully and feloniously on or about March 28, 2014 point a firearm at [victim] and threaten him with it." The Court concludes, applying the modified categorical approach, that Mr. Hataway was convicted of felony aggravated assault under § 5-13-204(a)(2).

After reviewing prior decisions of this court applying the force clause, and relevant Arkansas precedents, the court concluded that a conviction under § 5-13-204(a)(2) "has as an element the use, attempted use, or threatened use of physical force against the person of another." At sentencing, counsel for Hataway preserved his ACCA objections but did not argue the issue further.

**1.** On appeal, Hataway argues for the first time that it is "impossible to tell just by the judicial records that Mr. Hataway was convicted under subsection (a)(2)" because the Information quoted the entire statute, on the facts alleged he could have been charged under (a)(1) or (a)(2), and the sentencing order did not specify which subsection he was convicted under. Therefore, the district court erred, Hataway argues, because the judicial records lacked the certainty we required in United States v. Horse Looking, 828 F.3d 744, 748 (8th Cir. 2016). Reviewing this forfeited argument for plain error, we conclude it is without merit.

When an over-inclusive but divisible statute is at issue, if the charging document narrows the charge to an offense that qualifies as a violent felony under the force clause, and the fact of conviction is not contested, the charging document "is

sufficient evidence to support a finding that the defendant was necessarily convicted of the narrower offense." United States v. Vasquez-Garcia, 449 F.3d 870, 873 (8th Cir. 2006); see United States v. Sanchez-Garcia, 642 F.3d 658, 662 (8th Cir. 2011). "The issue is whether the charging document as a whole shows that the defendant was charged only with [an ACCA violent felony]." United States v. Einfeldt, 138 F.3d 373, 378 (8th Cir.) (quotation omitted), cert. denied, 525 U.S. 851 (1998). On the other hand, when the charging document cites an over-inclusive but divisible statute or quotes the entire statute, as the Information at issue did, and simply alleges the defendant violated it, the document has done no narrowing and is insufficient to establish, using the modified categorical approach, that the defendant pleaded guilty to and was necessarily convicted of an ACCA violent felony. See, e.g., United States v. Martinez, 756 F.3d 1092, 1096-97 (8th Cir. 2014).

Alleging the defendant violated a specific subsection of an over-inclusive statute is not the only way an indictment or information can narrow the charge to an offense that qualifies as an ACCA violent felony. In United States v. Vinton, for example, the information alleged that Vinton violated an over-inclusive Missouri assault statute by committing offense conduct that "precisely track[ed] the language of" the subsection that satisfied the ACCA force clause. 631 F.3d 476, 485 (8th Cir. 2011). We held that Vinton's Alford plea to that charge was sufficient to establish a prior ACCA violent felony conviction. The Supreme Court adopted the same analysis in United States v. Castleman, 134 S. Ct. 1405 (2014). The indictment charged Castleman with violating a domestic violence statute by intentionally causing bodily injury. Id. at 1409. The statute cross-referenced an over-inclusive divisible statute defining assault. Id. at 1413-14. Applying the modified categorical approach, the Court held that Castleman pleaded guilty to the relevant federal crime of violence "[b]ecause Castleman's indictment makes clear that the use of physical force was an element of his conviction." Id. at 1415.

Applying these controlling authorities, we conclude that the district court did not commit plain error in finding that the specific facts alleged in the Information establish "that Mr. Hataway was convicted of felony aggravated assault under § 5-13-204(a)(2)." The information specifically charged Hataway with "point[ing] a firearm at [the victim] and threaten[ing] him with it." Display of a firearm is an element of the offense in subsection (a)(2) but not the other two subsections. Horse Looking, on which Hataway relies, is clearly distinguishable. In that case, the indictment narrowed an over-inclusive assault statute by charging the defendant with violating three of its five subsections. 828 F.3d at 746. But the defendant's admissions at the plea colloquy established that he could have been convicted under any of the three subsections, including one that did not qualify under the ACCA force clause. Applying the modified categorical approach, we concluded "the judicial record does not establish that Horse Looking necessarily *was convicted* of an assault that has the required element." Id. at 749. In other words, unlike the Information in this case, the charging document in Horse Looking, by specifically charging the defendant with violating a non-qualifying subsection, failed to narrow the charge to an offense that *necessarily* qualifies. The same was true of the criminal complaint in United States v. Schneider, a case in which we applied our prior decision in Horse Looking. 905 F.3d 1088, 1091 (8th Cir. 2018).

**2.** Hataway further argues, as he did in the district court, that § 5-13-204(a)(2) is not an ACCA violent felony because it only requires the government to prove that he "created a substantial danger of death or serious physical injury to another person." But "displaying an operational weapon before another in an angry or threatening manner qualifies as threatened use of physical force" under the ACCA. United States v. Pulliam, 566 F.3d 784, 787-88 (8th Cir. 2009). Likewise, "[i]ntentionally point[ing] any firearm toward another, or display[ing] in a threatening manner any dangerous weapon toward another" is categorically a crime of violence under the guidelines force clause. See United States v. Maid, 772 F.3d 1118, 1120-21 (8th Cir. 2014). A conviction under § 5-13-204(a)(2) requires proof that the defendant

expressly threatened or pointed the firearm at another person. See Wooten v. State, 799 S.W.2d 560, 561-62 (Ark. App. 1990). We agree with the district court that a prior conviction under subsection (a)(2) is, categorically, a violent felony under the ACCA force clause and a crime of violence under the guidelines force clause. Cf. United States v. Meux, 918 F.3d 589, 591-92 (8th Cir. 2019).

**B. The South Carolina Conviction.** Hataway argues that his prior conviction for violating § 16-23-410 of the South Carolina Code was not an ACCA violent felony or a guidelines crime of violence under the force clauses. In Reyes-Soto v. Lynch, we held that a conviction under this statute is a crime of violence under the force clause in 18 U.S.C. § 16(a). 808 F.3d 369, 371-73 (8th Cir. 2015). The force clause in § 16(a) is identical to the force clauses in the ACCA and the Guidelines, except that § 16(a) includes an offense "that has as an element the use, attempted use, or threatened use of physical force against the person *or property* of another." However, the South Carolina statute at issue provides that "[i]t is unlawful for a person to present or point *at another person* a loaded or unloaded firearm." S.C. Code Ann. § 16-23-410. In United States v. King, 673 F.3d 274, 279-80 (4th Cir. 2012), the Fourth Circuit, deferring to South Carolina appellate court decisions, held that a prior conviction under § 16-23-410 is, categorically, a crime of violence under the guidelines force clause In Reyes-Soto, we relied on King and the state court decisions it applied in concluding that a conviction under § 16-23-410 is a crime of violence under 18 U.S.C. § 16(a).

On appeal, Hataway does not try to distinguish Reyes-Soto because it applied the § 16(a) force clause. Rather, he argues that Reyes-Soto and King were "wrongly decided" because they misinterpreted what should be controlling South Carolina state court decisions in two respects -- whether a defendant can be convicted under § 16-23-410 without directing a threat at another person, and whether the statute could be construed to encompass negligent conduct. However, we considered and rejected both these contentions in Reyes-Soto, 808 F.3d at 372-73. Therefore, Hataway's

argument is foreclosed by that decision -- "one panel cannot overrule an opinion filed by another panel." United States v. Bearden, 780 F.3d 887, 896 (8th Cir. 2015).

## II. The Supervised Release Issue.

Hataway argues the district court abused its discretion in imposing a special supervised release condition requiring him to abstain from use of alcohol during substance abuse treatment because there was no finding that he suffers from alcoholism, or that use of alcohol contributed to the offense of conviction or would impede efforts to rehabilitate him. It is undisputed that Hataway has a long history of drug abuse. He began abusing methamphetamine at age 18, has multiple prior drug-related arrests and convictions, and reported using methamphetamine daily when interviewed after his arrest for this offense. We have previously held that a district court did not err in imposing an alcohol abstinence condition when the defendant was "drug dependent." United States v. Forde, 664 F.3d 1219, 1222-24 (8th Cir. 2012). Here, the condition is not a total ban and is aimed at curbing addictive behavior during substance abuse treatment. There was no abuse of the district court's substantial discretion to impose reasonable special conditions.

The judgment of the district court is affirmed.

_____