United States Court of Appeals

For the Eighth Circuit

_____

No. 21-2382

_____

United States of America

*Plaintiff - Appellee*

v.

Mario Montell Rivers

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: June 13, 2022
Filed: July 13, 2022
[Unpublished]

_____

Before LOKEN, ARNOLD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Mario Rivers pleaded guilty to being a felon in possession of a firearm. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). In calculating a recommended sentencing range for Rivers's offense, a presentence investigation report determined his base offense level was 22 in part because Rivers had previously been convicted of a "controlled substance offense." *See* USSG § 2K2.1(a)(3). Rivers objected and argued that his

2018 Iowa conviction for possessing marijuana with intent to deliver, *see* Iowa Code § 124.401(1)(d), was not a "controlled substance offense" as the Sentencing Guidelines define that term. The district court[1] rejected Rivers's argument and sentenced him to seventy months in prison.

Rivers maintains on appeal that the district court erred when it deemed his Iowa conviction a controlled substance offense. The Guidelines define "controlled substance offense" to include "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits . . . the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." *See* USSG § 4B1.2(b); *see also* USSG § 2K2.1 app. n. 1. Though at first blush it might seem obvious that possession of marijuana with intent to deliver fits this definition hand in glove, Rivers contends that his prior conviction "is categorically overbroad as a 'controlled substance offense,' because at the time of his conviction, Iowa law included hemp in its definition of marijuana," and Iowa has since amended its laws so that hemp is no longer criminalized. *See* Iowa Code § 124.401(6). So, Rivers explains, since it is possible that his prior conviction stemmed only from his possession of hemp with intent to deliver, and Iowa law no longer criminalizes that activity, he has not been convicted of a controlled substance offense.

Our court has already rejected Rivers's argument. *See United States v. Jackson*, No. 20-3684, 2022 WL 303231, at *2 (8th Cir. Feb. 2, 2022) (unpublished per curiam). In *Jackson* we explained that "we may not look to current state law to define a previous offense," and so "prior marijuana convictions under the hemp-inclusive version of Iowa Code § 124.401(1)(d) categorically qualified as controlled substance

---

[1]The Honorable Stephanie M. Rose, then United States District Judge for the Southern District of Iowa, now Chief Judge, United States District Court for the Southern District of Iowa.

offenses." *See id.* Rivers invites us to reject *Jackson* and chart our own course since *Jackson* is unpublished, and therefore does not control our panel. *See United States v. Jordan*, 812 F.3d 1183, 1187 (8th Cir. 2016). But another panel of this court recently adopted, in a published decision, the reasoning of *Jackson*. *See United States v. Bailey*, No. 21-3231, 2022 WL 2124881, at *1–2 (8th Cir. June 14, 2022) (per curiam). Our precedent therefore forecloses Rivers's argument.

Affirmed.

_____