# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-1050

_____

United States of America

*Plaintiff - Appellee*

v.

Donquavious Marcellus Davis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa, Waterloo

_____

Submitted: February 8, 2016
Filed: July 26, 2016
[Unpublished]

_____

Before SMITH, MELLOY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

The district court[1] sentenced Donquavious Marcellus Davis to 96 months' imprisonment. Davis appeals the substantive reasonableness of his sentence. We affirm.

Davis was charged with, and pleaded guilty to, one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At sentencing, the government sought a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B). Davis conceded that the § 2K2.1(b)(6)(B) enhancement was applicable under our recent decision in *United States v. Walker*, 771 F.3d 449, 453 (8th Cir. 2014) (holding that the offense of carrying weapons under Iowa Code § 724.4(1) qualified as "another felony offense"). Nevertheless, Davis objected to the enhancement on the ground that *Walker* was wrongly decided. The district court found that Davis possessed the firearm in connection with another felony offense and adjusted Davis's offense level to reflect the four-level enhancement. With the enhancement, Davis's Guidelines range was 77 to 96 months. Davis moved for a downward variance to a sentence within the pre-enhanced Guidelines range of 51 to 63 months, largely because of what he deemed the unfair impact of the § 2K2.1(b)(6)(B) enhancement. The district court refused to vary downward and sentenced Davis to 96 months' imprisonment.

On appeal, Davis acknowledges that *Walker* controls, but he wants to preserve his right to appeal the correctness of *Walker* to the en banc court. Davis's objection is preserved, and he is correct that we are powerless to overrule a prior panel's decision. *See United States v. Reynolds*, 116 F.3d 328, 329 (8th Cir. 1997) ("One panel may not overrule another."). Davis's main argument on appeal is that the district court abused its discretion by imposing a substantively unreasonable sentence.

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

According to Davis, the four-level enhancement distorted the nature of his crime by causing it to seem more aggravated than it really was.

We review a district court's sentence under a deferential abuse-of-discretion standard. *United States v. Ford*, 705 F.3d 387, 389 (8th Cir. 2013). A sentencing court's discretion is cabined by the factors set forth in 18 U.S.C. § 3553(a). The court abuses its discretion when:

> 1) [it] fails to consider a relevant factor that should have received significant weight; 2) [it] gives significant weight to an improper or irrelevant factor; or 3) [it] considers only the appropriate factors but in weighing them commits a clear error of judgment.

*United States v. Farmer*, 647 F.3d 1175, 1179 (8th Cir. 2011) (citation omitted). Where "a sentence imposed is within the advisory guideline range, we typically accord it a presumption of reasonableness." *United States v. Deegan*, 605 F.3d 625, 634 (8th Cir. 2010) (citing *United States v. Harris*, 493 F.3d 928, 932 (8th Cir. 2007)); *see also United States v. Goodale*, 738 F.3d 917, 926 (8th Cir. 2013).

Davis's sentence was within the calculated Guidelines range. Moreover, at the sentencing hearing, the district court properly made an individualized assessment of the facts and carefully considered the § 3553(a) factors. *See United States v. Stults*, 575 F.3d 834, 849 (8th Cir. 2009). After applying the four-level enhancement, the district court outlined the facts of the offense and addressed Davis's personal history, characteristics, and criminal history. The court also noted Davis's risk of recidivism and his risk to the public. The district court considered each of the § 3553(a) factors *after* applying the enhancement. The district court did not abuse its discretion in weighing the factors as it did. Accordingly, we affirm Davis's conviction and sentence.

_____