# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2521

_____

United States of America

*Plaintiff - Appellee*

v.

Marvin Hicks

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: April 11, 2016
Filed: September 13, 2016
[Unpublished]

_____

Before LOKEN, BEAM, and SMITH, Circuit Judges.

_____

PER CURIAM.

Marvin Hicks pleaded guilty to being a felon in possession of a firearm and now appeals the 70-month sentence imposed by the district court.[1] Hicks argues the

_____

[1]The Honorable Linda R. Reade, Chief Judge of the United States District Court for the Northern District of Iowa.

court procedurally erred in applying a four-level enhancement for possessing a firearm "in connection with another felony offense," U.S.S.G. § 2K2.1(b)(6)(B), and that his sentence is substantively unreasonable. We affirm.

Hicks was a front seat passenger in a vehicle stopped by the police in Cedar Rapids, Iowa, on August 1, 2011. After the stop, Hicks tossed a loaded .38 caliber revolver to the back seat passengers, but the police found the firearm under the left rear seat. Having a prior felony conviction for delivery of crack cocaine, Hicks was charged with and pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court determined that his advisory guidelines sentencing range was 70 to 87 months in prison, applying the four-level § 2K2.1(b)(6)(B) enhancement.

Section 2K2.1(b)(6)(B) provides for a four-level enhancement if a defendant "used or possessed [the] firearm . . . in connection with another felony offense." "Another felony offense" is defined as "any federal, state, or local offense, *other than the explosive or firearms possession or trafficking offense*, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." § 2K2.1 comment. (n. 14(C)) (emphasis added). We construe this application note as excluding "only the underlying firearms possession offense of conviction," and a state offense if the defendant "could not have committed the underlying federal offense without also violating the state offense." United States v. Jackson, 633 F.3d 703, 705-07 (8th Cir.), cert. denied, 536 U.S. 1027 (2011).

In this case, the district court ruled that Hicks used or possessed the firearm "in connection with" a violation of Iowa Code § 724.4(1). This statute provides, as relevant here, that "a person who . . . knowingly carries or transports in a vehicle a pistol or revolver, commits an aggravated misdemeanor." The Iowa crime is a felony offense for purposes of the § 2K2.1(b)(6)(B) enhancement because it is punishable

by up to two years of imprisonment. See United States v. Walker, 771 F.3d 449, 451 (8th Cir. 2014), cert. denied, 135 S. Ct. 1538 (2015). In Walker, we held that a violation of Iowa Code § 724.4(1) is "another felony offense" for purposes of § 2K2.1(b)(6)(B) because a federal felon-in-possession offender is "not doomed to automatically commit" this state felony offense; it requires additional proof that he carried a concealed weapon, or carried a pistol or revolver "within the limits of any city" or "in a vehicle." 771 F.3d at 452.

On appeal, as at sentencing, Hicks concedes that he violated Iowa Code § 724.4(1) by carrying the firearm in a vehicle and therefore our decision in Walker applies. But he argues that Walker was wrongly decided and "will result in a lot of double-punishing of the act of possession in Iowa cases." However, our panel is bound by the controlling decision in Walker. See United States v. Boots, 816 F.3d 971, 975 (8th Cir. 2016), petition for cert. filed, No. 16-5233 (U.S. July 11, 2016). Therefore, we conclude, the district court properly applied the four-level § 2K2.1(b)(6)(B) enhancement.

Hicks further argues that his 70-month sentence is substantively unreasonable because the court did not properly take into account mitigating factors, including his difficult upbringing. We review sentences under a "highly deferential" abuse-of-discretion standard. United States v. Roberts, 747 F.3d 990, 992 (8th Cir. 2014). If a sentence is within the Guidelines range, as in this case, it is "presumptively reasonable." United States v. Cromwell, 645 F.3d 1020, 1022 (8th Cir. 2011). The district court explicitly weighed Hicks's "lack of parental guidance as a youth" and other mitigating factors against his extensive criminal history, his "struggle[s] with correctional supervision," and his failure to complete probation after a lenient state court sentence. The court found no basis for a downward variance and sentenced Hicks to the bottom of his advisory guidelines range. "The district court has wide latitude to weigh the [18 U.S.C.] § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United

States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009).  After closely reviewing the sentencing record, we conclude there was no abuse of the district court's substantial sentencing discretion.

The judgment of the district court is affirmed.

_____