# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3829
_____

United States of America

*Plaintiff - Appellee*

v.

Tyrone Parrow

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa, Waterloo
_____

Submitted: October 17, 2016
Filed: December 30, 2016
[Published]
_____

Before RILEY, Chief Judge, WOLLMAN and BENTON, Circuit Judges.
_____

PER CURIAM.

Tyrone Parrow pled guilty to possessing a firearm after a domestic-abuse conviction, in violation of 18 U.S.C. § 922(g)(9). The district court[1] sentenced him to 77 months' imprisonment and three years' supervised release. Parrow appeals (1)

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

the base-offense level of 20 under section 2K2.1(a)(4)(A) of the U.S. Sentencing Guidelines, and (2) the four-level enhancement for possessing the firearm in connection with another felony under section 2K2.1(b)(6)(B). Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Application of section 2K2.1(a)(4)(A) is reviewed for plain error because Parrow did not object. *See United States v. Poitra*, 648 F.3d 884, 892 (8th Cir. 2011); *United States v. Pirani*, 406 F.3d 543, 549 (8th Cir. 2005)(en banc). Application of section 2K2.1(b)(6)(B) is reviewed de novo. *See United States v. Jackson*, 633 F.3d 703, 705 (8th Cir. 2011).

I.

Under section 2K2.1(a)(4)(A), the base level for a felon-in-possession offense is 20 if the defendant has "one felony conviction of . . . a crime of violence." A crime of violence "has as an element the use, attempted use, or threatened use of physical force against the person of another." Section 4B1.2(a)(1). "[T]he phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (interpreting a nearly identical term).

Here, the prior conviction is for Domestic Abuse–Strangulation, which punishes domestic assaults "committed by knowingly impeding the normal breathing or circulation of the blood of another by applying pressure to the throat or neck of the other person or by obstructing the nose or mouth of the other person." Iowa Code § 708.2A(2)(d). This conviction—an aggravated misdemeanor punishable by imprisonment for over one year—is a felony offense. *See* Iowa Code § 903.1(2); *United States v. Holm*, 745 F.3d 938, 941 (8th Cir. 2014).

To decide whether a conviction is a crime of violence under section 2K2.1(a)(4)(A), this court applies "a categorical approach, looking to the elements of the offense as defined in the… statute of conviction rather than to the facts underlying the . . . conviction." *United States v. Dawn*, 685 F.3d 790, 794 (8th Cir. 2012). If the statute includes both offenses that are and are not crimes of violence—is divisible—this court applies "a modified categorical approach to look at the charging document, plea colloquy, and comparable judicial records for determining which part of the statute the defendant violated." *United States v. Rice*, 813 F.3d 704, 705 (8th Cir. 2016). A statute is not divisible when it, "instead of laying out a crime's elements, lists alternative means of fulfilling one (or more) elements," so a jury does not have to decide between the two scenarios to convict. *Mathis v. United States*, 136 S.Ct. 2243, 2253 (2016) (holding that another Iowa statute was not divisible because it listed "disjunctive factual scenarios" for burglary, not separate elements).

Domestic Abuse–Strangulation has two scenarios for conviction: "by applying pressure to the throat or neck of another person," or "by obstructing the nose or mouth of another person." Iowa Code § 708.2A(2)(d). These alternatives are *means* of violating the statute because, to be convicted, the defendant need only knowingly impair breathing or blood circulation during a domestic assault. *See State v. Bland*, 871 N.W.2d 703 (table), 2015 WL 527826, at *1 (Iowa. App. 2015) (using a single umbrella term of "domestic abuse assault by strangulation" for either means); *Mathis*, 136 S.Ct. at 2257 (state court's use of a "single umbrella term like 'premises'" to include all alternatives shows "that each alternative is only a possible means of commission . . ."). The categorical approach applies here.

The elements of Domestic Abuse–Strangulation are: (1) committing a domestic assault in violation of Iowa Code § 708.1, and (2) knowingly causing impaired breathing or blood circulation by either means in the statute. Knowingly strangulating another is categorically capable of causing physical pain or injury to

another person because it requires proof that the victim's breathing or blood circulation was impaired by the defendant. Iowa Code § 708.2A(2)(d); *State v. Gordon*, 560 N.W.2d 4, 6 (Iowa 1997) (defining "bodily injury" as "physical pain, illness, or any impairment of physical condition."). The offense here "includes the use of violent force as an element 'since its impossible to cause bodily injury without using force capable of producing that result.'" *Rice,* 813 F.3d at 706, *quoting United States v. Castleman*, 134 S.Ct. 1405, 1416-17 (2014) (Scalia, J., concurring).

Parrow's prior conviction for Domestic Abuse–Strangulation is a crime of violence. His base offense level was not erroneous. *See United States v. Jones*, 574 F.3d 546, 552 (8th Cir. 2009) (holding that attempted domestic assault by choking is a crime of violence under ACCA because it "involves conduct that is . . . purposeful, violent and aggressive."). *See also United States v. Howell*, 838 F.3d 489, 501 (5th Cir. 2016) (holding that an almost identical Texas domestic-assault-by-strangulation statute is a crime of violence under the Guidelines); *United States v. McMillian*, 652 Fed. Appx. 186, 192-93 (4th Cir. 2016) (holding that assault by strangulation is a crime of violence under the Guidelines).[2]

---

[2]Parrow moves to file a supplemental brief to invoke *Beckles v. United States*, 616 Fed. Appx. 415 (11th Cir. 2015), *cert. granted*, 136 S.Ct. 2510 (2016) (presenting the question whether the ACCA's residual clause invalidated as unconstitutionally vague in *Johnson v. United States*, 135 S.Ct. 2551, 2558 (2015), retroactively applies to identical language in the Guidelines). Because Parrow's sentence is justified under section 4B1.2(a)(1) without resort to the residual clause in section 4B1.2(a)(2), this court need not reach the *Beckles* issue. *See Beeson v. Hudson*, 630 F.2d 622, 627 (8th Cir. 1980) ("It is the established practice of federal courts to avoid the decision of delicate constitutional questions if the case presenting them may be disposed of on alternative grounds."). Parrow's motion to file a supplemental brief is denied.

## II.

Parrow objects to the application of section 2K2.1(b)(6)(B), which requires a four-level enhancement if the defendant "[u]sed or possessed any firearm or ammunition in connection with another felony offense." Section 2K2.1(b)(6)(B). "Another felony offense" is "any Federal, state, or local offense, other than the . . . firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." Section 2K2.1, n.14(C).

Here, the other felony offense is Iowa Code § 724.4(1), which prohibits carrying concealed firearms. Iowa Code § 724.4(1) "does not fall within the narrow Note 14(C) exclusion for 'the . . . firearms possession . . . offense'" because it is possible to be a felon in possession under 18 U.S.C. § 922(g) without committing the Iowa firearms offense. *United States v. Walker*, 771 F.3d 449, 452-53 (8th Cir. 2014). Parrow disagrees with *Walker*, but it is controlling. *United States v. Reynolds*, 116 F.3d 328, 329 (8th Cir. 1997) ("One panel may not overrule another."). The district court properly applied the four-level enhancement.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____

.