# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2047

_____

United States of America

*Plaintiff - Appellee*

v.

Charles P. Naylor, II

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 18, 2016
Filed: March 28, 2017
[Unpublished]

_____

Before RILEY,[1] Chief Judge, WOLLMAN and KELLY, Circuit Judges.

_____

PER CURIAM.

_____

[1]The Honorable William Jay Riley stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 10, 2017. He has been succeeded by the Honorable Lavenski R. Smith.

Charles P. Naylor, II, pleaded guilty to one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). At sentencing, the government argued that Naylor was an armed career criminal under 18 U.S.C. § 924(e) because he had multiple prior Missouri convictions for second-degree burglary. The Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), provides for a minimum fifteen-year term of imprisonment for a person convicted of being a felon in possession of a firearm if the person has three prior convictions for a "violent felony" as that term is defined in 18 U.S.C. § 924(e)(2)(B). Over Naylor's objection, the district court[2] found that Naylor's Missouri second-degree burglary convictions were predicate violent felonies, and sentenced Naylor to the mandatory minimum fifteen-year term of imprisonment. Naylor's plea agreement preserved his right to appeal the court's determination that Missouri second-degree burglary is a predicate violent felony.

Missouri's second-degree burglary statute, Mo. Rev. Stat. § 569.170(1),[3] enumerates "at least two alternative elements: burglary 'of a building' and burglary of 'an inhabitable structure,' separated in the text by the disjunctive 'or.'" United States v. Sykes, 844 F.3d 712, 715 (8th Cir. 2016) (citing Mathis v. United States, 136 S. Ct. 2243, 2256 (2016)). Therefore, § 569.170(1) is divisible, and we apply the modified categorical approach to determine whether Naylor's convictions pursuant to § 569.170(1) match the generic description of burglary. See id. Documents underlying Naylor's Missouri second-degree burglary convictions indicate that they stemmed from burglaries of buildings. Descamps v. United States, 133 S. Ct. 2276,

_____

[2]The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

[3]The relevant version of the statute reads: "A person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein." Mo. Rev. Stat. § 569.170(1) (amended Jan. 1, 2017).

2281 (2013) (courts may "consult a limited class of documents" when applying the modified categorical approach). Naylor's Missouri second-degree burglary convictions therefore match the generic definition of burglary and are predicate violent felonies for purposes of the ACCA. See Taylor v. United States, 495 U.S. 575, 598 (1990); Sykes, 844 F.3d at 715. Accordingly, we affirm.

KELLY, Circuit Judge, concurring.

In Mathis, 136 S. Ct. at 2248, the Supreme Court explained that where a statute lists various alternative methods of committing a crime, a court must first determine whether those alternatives constitute "elements," which the government must prove in order to sustain a conviction, or "means," which "need neither be found by a jury nor admitted by a defendant." If they are elements, the statute is divisible and the court should "review the record materials to discover which of the enumerated alternatives played a part in the defendant's prior conviction, and then compare that element (along with all others) to those of the generic crime." Id. at 2256. In contrast, if the alternatives are means, the statute is indivisible, and "the court has no call to decide which of the statutory alternatives was at issue in the earlier prosecution." Id. Instead, when a statute is indivisible, courts should use the categorical approach, and compare the elements of the indivisible statute to the elements of the generic version of that crime to determine if they are identical to or narrower than the generic offense. Descamps, 133 S. Ct. at 2281–82.

In Sykes, we considered whether Missouri's second-degree burglary statute described a violent felony in light of Mathis. We determined that Mo. Rev. Stat. § 569.170(1) enumerated "at least two alternative elements: burglary 'of a building' and burglary of 'an inhabitable structure,' separated in the text by the disjunctive 'or.'" 844 F.3d at 715. However, the mere existence of the disjunctive "or" is not, by itself, dispositive. Compare Mathis, 136 S. Ct. at 2249–50 (Iowa statute that "itemize[s] the various places that crime could occur as disjunctive factual scenarios

rather than separate elements" describes means rather than elements), Taylor, 495 U.S. at 598 (single element of generic burglary includes entering or remaining in "a building or other structure"), and United States v. Parrow, 844 F.3d 801, 802–03 (8th Cir. 2016) (Iowa domestic abuse statute criminalizing assaults "committed by knowingly impeding the normal breathing or circulation of the blood of another by applying pressure to the throat or neck of the other person or by obstructing the nose or mouth of the other person" lists means rather than elements for purposes of determining whether crime constitutes a crime of violence under the sentencing guidelines), with Descamps, 133 S. Ct. at 2281 (giving example of statute criminalizing entry "into a building *or* an automobile" as example of divisible statute). Instead, Mathis instructs courts to look to state law to determine whether a state statute lists elements or means. Mathis, 136 S. Ct. at 2256. In many cases, a state court decision may definitively answer the question, and "[w]hen a ruling of that kind exists, a sentencing judge need only follow what it says." Id. When no such case exists, "the statute on its face may resolve the issue." Id. Finally, "if state law fails to provide clear answers," the court may "peek at the [record] documents . . . for the sole and limited purpose of determining whether [the listed items are] element[s] of the offense." Id. at 2256–57 (alterations in original) (quoting Rendon v. Holder, 782 F.3d 466, 473–74 (9th Cir. 2015)).

Missouri courts have not explicitly held whether "building" and "inhabitable structure" are means or elements. However, Missouri case law indicates that the phrase "building or inhabitable structure" denotes potential means of commission—not alternative elements. See State v. Pulis, 822 S.W.2d 541, 543–44 (Mo. Ct. App. 1992) (noting that the Missouri General Assembly "added the term 'inhabitable structure' . . . with the specific intent to broaden the *objects of forcible entry* which would trigger the applicability" of the statute beyond those encompassed by "building" (emphasis added)); State v. Butler, 665 S.W.2d 41, 43 (Mo. Ct. App. 1984) (comparing second-degree burglary with trespassing, noting that burglary "presupposes an incursion into a *building or inhabitable structure*, whereas trespass

-4-

in the first degree presupposes *either* incursion into a building or inhabitable structure *or* upon real estate"); see also United States v. Bess, No. 4:15CR00021 ERW, 2016 WL 6476539, at *4–5 (E.D. Mo. Nov. 2, 2016) (holding, on remand, that Missouri second-degree burglary statutes sets out alternative means); Henderson v. United States, — F. Supp. 3d —, 2016 WL 4967898, at *4–6 (W.D. Mo. 2016) (same); Small v. United States, — F. Supp. 3d —, 2016 WL 4582068, at *2–4 (W.D. Mo. 2016) (same). Because Missouri cases suggest that § 569.170(1) lists means rather than elements, Supreme Court precedent dictates that the statute is indivisible and therefore subject only to the categorical approach. Mathis, 136 S. Ct. at 2256; Descamps, 133 S. Ct. at 2281.

However, "[i]t is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." Owsley v. Luebbers, 281 F.3d 687, 690 (8th Cir. 2002). "Absent an intervening opinion by a Missouri court" holding that Missouri's second-degree burglary statute delineates means rather than elements, we are bound by our holding in Sykes. Washington v. Countrywide Home Loans, Inc., 747 F.3d 955, 958 (8th Cir. 2014). I therefore concur in the judgment.

———————————————————