# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3958

_____

United States of America

*Plaintiff - Appellee*

v.

Walter Jones

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: October 16, 2017
Filed: December 7, 2017
[Unpublished]

_____

Before SMITH, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

PER CURIAM.

Walter Jones appeals his 27-month sentence imposed following his plea of guilty to being an unlawful drug user in possession of a firearm. Jones contends that

the district court[1] erred in applying a four-level sentencing enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony offense. Specifically, Jones argues that the enhancement impermissibly double counted his offense conduct and violates the Ex Post Facto Clause of the United States Constitution. He also argues that his sentence is substantively unreasonable. We affirm.

I. *Background*

Jones pleaded guilty to being an unlawful drug user in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3). The presentence investigation report (PSR) recommended a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B), which provides that "[i]f the defendant . . . used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels." The PSR found that Jones "possessed the firearm in connection with the felony offense of Carrying Weapons, in violation of Iowa Code Section 724.4(1)." Presentence Investigation Report at 5, ¶ 11, *United States v. Jones*, No. 6:11-cr-02014-LRR-2 (N.D. Iowa July 29, 2016), ECF No. 153. According to the PSR, "[t]he parties agreed to litigate whether a 4-level increase applies pursuant to USSG § 2K2.1(b)(6)(B)." *Id*. at 3, ¶ 3B.

In his sentencing memorandum, Jones argued that application of the enhancement would constitute impermissible double counting and would violate the Ex Post Facto Clause. Sentencing Memorandum By Defendant at 1–2, *United States v. Jones*, No. 6:11-cr-02014-LRR-2 (N.D. Iowa Aug. 25, 2016), ECF No. 159. Specifically, Jones argued that *United States v. Walker*, 771 F.3d 449 (8th Cir. 2014),

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

"was wrongly decided and is in fact double counting as the holding scores the offense and the integrated offense of Carrying Weapons in violation of Iowa Code § 724.4(1) as an enhancement within the USSG." *Id*. at 1. Furthermore, Jones argued that "*Walker* now in 2016 provides a more severe punishment than the USSG did for the defendant back in 2011." *Id*. at 2. Jones asserted that "*Walker* has the force and effect of any law and as such is a violation of the *Ex Post Facto* Clause to [him]." *Id*. at 4. Jones also requested a downward variance under 18 U.S.C. § 3553(a).

At the sentencing hearing, the district court applied *Walker* and discerned no ex post facto violation. The court adopted the PSR's Guidelines range of 21 to 27 months' imprisonment. The district court sentenced Jones to 27 months' imprisonment. In arriving at this sentence, the district court stated that it had "carefully considered each and every factor under 18 United States Code section 3553(a)." Transcript of Sentencing at 19, *United States v. Jones*, No. 6:11-cr-02014-LRR-2 (N.D. Iowa Oct. 4, 2016), ECF No. 175. It also acknowledged Jones's argument for a downward variance and explained why it declined to vary downward. Specifically, it found no unwarranted disparity between Jones and his codefendant Asa Adams. Adams had received a sentence of 16 months' imprisonment. The court noted important distinctions between the two cases. Unlike Adams, the court found that Jones had prior criminal convictions for domestic violence and possession of marijuana. Additionally, unlike Adams, who "came to court and took responsibility for his actions," *id*. at 20, "Jones was a fugitive from justice" who "knew for sure that there was a federal matter that he needed to respond to," yet declined to do so and went "on the lam . . . putting the marshals to extra time and expense to track him down." *Id*. at 21. Further, the court noted that although Adams initially received a lower sentence, his sentence increased due to subsequent violations of supervised release. In fact, Adams has actually served significantly more time than the sentence imposed upon Jones.

As to Jones's employment history, the court noted that, contrary to Jones's claims of continued employment, social security records showed no earnings "for 2007, 2011, 2013, 2014, and 2015. He has $4,994 of earnings reported in 2012, but he hasn't reported any work during that period." *Id*. at 22. As a result, the court found "a real disconnect between what he says he's been doing and what the objective records show." *Id*. Finally, the court considered Jones's education, history of marijuana abuse, and family support before imposing the 27-month sentence.

The district court

> add[ed] parenthetically that in the event the Eighth Circuit Court of Appeals should find in the future that [the court] ha[s] incorrectly scored the four-level [enhancement] . . . , [the] sentence would be exactly the same when [the court] view[s] the aggravating factors, the fugitive status of Mr. Jones, and the facts and circumstances in the offense conduct paragraph 5 as well as his criminal history.

*Id*. at 24–25.

## II. *Discussion*

On appeal, Jones argues that the district court's application of the four-level sentencing enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony offense constitutes impermissible double counting and violates the Ex Post Facto Clause of the United States Constitution. He also argues that his sentence is substantively unreasonable.

### A. *U.S.S.G. § 2K2.1(b)(6)(B)*

We first address Jones's argument that the district court erred in applying the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) to his state conviction for carrying weapons, in violation of Iowa Code § 724.4(1), because it constitutes double counting.

"We review the district court's construction and application of the sentencing guidelines de novo, and we review its factual findings regarding enhancements for clear error." *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). "We review de novo whether the district court's application of the sentencing guidelines amounts to impermissible double counting." *United States v. Peck*, 496 F.3d 885, 890 (8th Cir. 2007).

The Guidelines provide that the four-level enhancement at issue is warranted "[i]f the defendant . . . used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). "Another felony offense" is defined as "any Federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1 cmt. n.14(C).

In *Walker*, the defendant was convicted of being a felon in possession of a firearm. 771 F.3d at 450. The defendant's PSR recommended application of the four-level enhancement under § 2K2.1(b)(6)(B). *Id*. at 451. At sentencing, the government argued that the defendant's conduct "violated Iowa Code § 724.4(1), an aggravated misdemeanor that qualifies as 'another felony offense' because it is punishable by imprisonment for up to two years." *Id*. The district court imposed the enhancement, and the defendant appealed. *Id*. We upheld the imposition of the enhancement, rejecting the argument that the application of the enhancement constitutes double counting:

> [The defendant] was not "doomed to automatically commit the additional felony when he violated 18 U.S.C. § 922(g) by possessing a firearm as a felon." [*United States v. Jackson*, 633 F.3d 703, 707 (8th Cir. 2011).] Iowa Code § 724.4(1), unlike 18 U.S.C. § 922(g), requires

proof that the defendant went armed "with a dangerous weapon *concealed on or about the person*," or went armed with a handgun "*within the limits of any city*," or "*knowingly* carrie[d] or transport[ed] [a handgun] *in a vehicle*." (Emphasis added). Thus, § 724.4(1) does not fall within the narrow Note 14(C) exclusion for "*the . . .* firearms possession . . . offense" (emphasis added), and applying the four-level enhancement in U.S.S.G. § 2K2.1(b)(6) does not implicate the "double counting" concerns underlying our decision in [*United States v.*] *Lindquist*, 421 F.3d [751,] 756 [(8th Cir. 2005)]. Rather, [the defendant] "used . . . [the] firearm . . . in connection with another felony offense" when he was involved in the shooting at 1405 Idaho Street. Therefore, the district court did not err in imposing the four-level enhancement.

*Id*. at 452–53 (third, fourth, fifth, and tenth alterations in original) (ellipses in original).

We have repeatedly reaffirmed our holding in *Walker* and rejected the argument that application of the enhancement to Iowa Code § 724.4(1) constitutes double counting. *See, e.g.*, *United States v. Maldonado*, 864 F.3d 893, 901 (8th Cir. 2017); *United States v. Parrow*, 844 F.3d 801, 804 (8th Cir. 2016) (per curiam); *United States v. Hicks*, 668 F. App'x 683, 685 (8th Cir. 2016) (per curiam); *United States v. Davis*, 667 F. App'x 584, 585 (8th Cir. 2016) (per curiam).

Jones next argues that imposition of the four-level enhancement violates the Ex Post Facto Clause because *Walker* became circuit law after he committed the underlying offense. Jones is incorrect. "The ex post facto clause does not apply to actions by the judiciary . . . ." *United States v. Wade*, 435 F.3d 829, 832 (8th Cir. 2006) (per curiam).

Accordingly, we hold that the district court did not err in applying the four-level enhancement.

B. *Substantive Reasonableness*

Jones argues that the district court imposed an unreasonable sentence in light of all the 18 U.S.C. § 3553(a) factors, including the need for his punishment to be in proportion to that of his codefendant, who received a more lenient sentence of 16 months' imprisonment.

Because Jones's 27-month sentence is within the Guidelines range, we may apply "a presumption of reasonableness" to his sentence. *United States v. Bauer*, 626 F.3d 1004, 1010 (8th Cir. 2010). Jones must rebut this presumption. *Peck*, 496 F.3d at 891.

The record shows that the district court carefully considered all of the § 3553(a) factors in arriving at Jones's Guidelines sentence. The court considered Jones's argument that his sentence created an unwarranted sentencing disparity between himself and his codefendant and rejected it, finding meaningful distinctions between the two defendants' cases. The court individually assessed Jones's case based on its particular facts. On this record, we conclude that the 27-month sentence is not unreasonable. *See United States v. Stults*, 575 F.3d 834, 849 (8th Cir. 2009) ("Where the district court in imposing a sentence makes 'an individualized assessment based on the facts presented,' addressing the defendant's proffered information in its consideration of the § 3553(a) factors, such sentence is not unreasonable." (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007))).

III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____