# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2116

_____

United States of America

*Plaintiff - Appellee*

v.

Jason Lee Pyles

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: January 10, 2018
Filed: May 3, 2018

_____

Before LOKEN, BEAM, and KELLY, Circuit Judges.

_____

LOKEN, Circuit Judge.

Jason Lee Pyles pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] concluded that Pyles is an Armed Career Criminal because he has three prior "violent felony"

_____

[1] The Honorable P.K. Holmes, III, Chief Judge of the United States District Court for the Western District of Arkansas.

convictions, see 18 U.S.C. § 924(e)(1), and overruled Pyles's objection that his 2014 Arkansas conviction for aggravated assault on a family member was not a violent felony conviction. The court sentenced Pyles to 180 months in prison, the mandatory minimum Armed Career Criminal Act (ACCA) sentence. Pyles appeals, arguing the district court erred in ruling that aggravated assault on a family member in violation of Ark. Code Ann. § 5-26-306(a)(3) is a violent felony. Reviewing this issue de novo, we affirm.

Section 5-26-306(a)(3) of the Arkansas Code provides:

> (a) A person commits aggravated assault on a family or household member if, under circumstances manifesting extreme indifference to the value of human life, the person purposely . . . (3) Impedes or prevents the respiration of a family or household member or the circulation of a family or household member's blood by applying pressure on the throat or neck or by blocking the nose or mouth of a family or household member.

We apply a categorical approach to determine whether a violation of this statute constitutes a violent felony for ACCA purposes, looking to the elements of the offense as defined in the statute rather than to the facts underlying Pyles's conviction. See United States v. Parrow, 844 F.3d. 801, 802 (8th Cir. 2016).

At issue in this case is whether a violation of § 5-26-306(a)(3) is a violent felony under the ACCA's "force clause," which defines violent felonies to include "any crime punishable by imprisonment for a term exceeding one year . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The Supreme Court has defined the word "force" in this statute as meaning "*violent* force -- that is, force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S.

133, 140 (2010). However, the force required is "only that degree of force necessary to inflict pain -- a slap in the face, for example." Id. at 143.

Pyles argues that a violation of § 5-26-306(a)(3) is not a violent felony because the statute could be violated by the use of minimal, non-violent force, such as removing a person's sleep apnea breathing machine. In Parrow, we concluded that Iowa's Domestic Abuse -- Strangulation statute satisfied the requirement of violent force. "Knowingly strangulating another is categorically capable of causing physical pain or injury to another person because it requires proof that the victim's breathing or blood circulation was impaired by the defendant." 844 F.3d at 803. Likewise, the force element of a § 5-26-306(a)(3) violation -- impeding respiration or blood circulation by applying pressure on the throat or neck or by blocking the nose or mouth -- necessarily requires the use of violent force as defined in Johnson.

"[T]he proper inquiry is whether the conduct encompassed by the elements of the offense, in the ordinary case, involves the use, attempted use, or threatened use of physical force against the person of another." United States v. Forrest, 611 F.3d 908, 910 (8th Cir.), cert. denied, 562 U.S. 1053 (2010), quoting James v. United States, 550 U.S. 192, 208 (2007), overruled on other grounds, Johnson v. United States, 135 S. Ct. 2551, 2563 (2015). Pyles has not cited, and we have not found, any Arkansas case in which the defendant was charged with violating § 5-26-306(a)(3) for the use of non-violent force. "Before we conclude that a state statute sweeps more broadly than the federal definition of violent felony, there must be a realistic probability, not a theoretical possibility, that the statute encompasses conduct that does not involve use or threatened use of violent force." United States v. Swopes, 886 F.3d 668, 671 (8th Cir. 2018) (en banc) (quotation omitted).

Seeking to distinguish this case from the Iowa statute at issue in Parrow, Pyles argues that a violation of § 5-26-306(a)(3) only requires a mens rea of recklessness when it provides, "under circumstances manifesting extreme indifference to the value

of human life." We have held that, "at least in some circumstances, a crime involving a *mens rea* of mere recklessness does not [satisfy the force clause]." United States v. Garcia-Longoria, 819 F.3d 1063, 1066 (8th Cir. 2016). However, that unsettled issue does not apply here because an element of § 5-26-306(a)(3) is that the defendant acted "purposely," and the Supreme Court of Arkansas has defined acting "purposely" as a "culpable mental state . . . which requires deliberate conduct with a knowledge or awareness that one's actions are practically certain to bring about the prohibited result." Bell v. State 259 S.W.3d 472, 476-77 (Ark. App. 2007), citing McCoy v. State, 69 S.W.3d 430, 435-37 (Ark. 2002).

The judgment of the district court is affirmed.

_____