# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-1868

_____

United States of America

*Plaintiff - Appellee*

v.

Desmond Williams

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

_____

Submitted: April 16, 2019
Filed: April 23, 2019
[Unpublished]

_____

Before ERICKSON, BOWMAN, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Desmond Williams directly appeals the sentence the district court[1] imposed after he pleaded guilty to a drug offense. His counsel has moved to withdraw and has

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that Williams should not have been sentenced as a career offender. Williams has filed a pro se brief also challenging the career-offender enhancement.

Because the record reflects that Williams had qualifying predicate convictions for a Wisconsin drug offense and an Iowa domestic abuse assault by strangulation, we conclude the district court properly sentenced him as a career offender. <u>See</u> U.S.S.G. § 4B1.1(a) (defining career offender); <u>United States v. Bearden</u>, 780 F.3d 887, 895 (8th Cir. 2015) (de novo review); <u>see also</u> <u>United States v. Harper</u>, 756 Fed. Appx. 656 (7th Cir. 2019) (unpublished order) (concluding it would be frivolous to argue conviction for delivering cocaine under Wis. Stat. § 961.41(1)(cm) did not qualify as controlled substance offense); <u>United States v. Parrow</u>, 844 F.3d 801, 803 (8th Cir. 2016) (Iowa conviction for domestic abuse-strangulation under Iowa Code § 708.2A is crime of violence). Further, the district court made clear it would have imposed the same sentence regardless of whether Williams was a career offender. <u>See</u> <u>United States v. Davis</u>, 583 F.3d 1081, 1095 (8th Cir. 2009) (where district court explicitly stated it would have imposed same sentence regardless of whether defendant was career offender, any error in imposing career-offender enhancement would be harmless).

Having independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we have found no non-frivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw and affirm.

_____