# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2935
_____

United States of America

*Plaintiff - Appellee*

v.

Roman Deonn Hellems, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: September 23, 2019
Filed: October 17, 2019
[Unpublished]

_____

Before LOKEN, COLLOTON, and KOBES, Circuit Judges.

_____

PER CURIAM.

Roman Deonn Hellems, Jr. pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At sentencing, the district court[1] determined that his advisory guidelines sentencing range was 120

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

months' imprisonment, the statutory maximum for this offense. The court granted a downward variance and imposed a 96-month sentence. Hellems appeals, arguing the court made two procedural errors in determining the guidelines range. Reviewing the court's interpretation and application of the Guidelines *de novo*, we affirm.

First, Hellems argues the district court erred in determining that his base offense level was 20 because he committed this offense after a prior conviction for a controlled substance offense, namely, a 2013 conviction for possession of marijuana with intent to deliver in violation of Iowa Code § 124.401(1)(d). See USSG §§ 2K2.1(a)(4)(A), 4B1.2(b). We held that a conviction under § 124.401(1) is a controlled substance offense in United States v. Maldonado, 864 F.3d 893, 901 (8th Cir. 2017), cert denied, 138 S. Ct. 702 (2018). Hellems argues Maldonado is not controlling because it did not consider whether Iowa's aiding and abetting element renders § 124.401 categorically overbroad. We rejected this argument in United States v. Boleyn, 929 F.3d 932, 940 (8th Cir. 2019). Read together, Maldonado and Boleyn govern this issue.

Second, Hellems argues the district court erred in imposing a four-level enhancement because he "used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6)(B). "Another felony offense" is defined as any federal, state, or local offense "punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained," so long as the offense of conviction does not "doom" the defendant "to automatically commit the additional felony." See § 2K2.1, comment. (n.14(C)); United States v. Jackson, 633 F.3d 703, 707 (8th Cir.), cert. denied, 563 U.S. 1027 (2011). In this case, Hellems posted a video showing that he possessed an object that resembled a Glock handgun. Later that night, police officers conducted a traffic stop. When Hellems, the passenger, opened the glove box to retrieve proof of insurance, the officers saw a black metallic object later identified as a Glock handgun with features resembling the gun in Hellems's video. The district court

found that Hellems knowingly carried a handgun in a vehicle in violation of Iowa Code § 724.4(1).

In United States v. Walker, 771 F.3d 449, 453 (8th Cir. 2014), cert. denied, 135 S. Ct. 1538 (2015), we held that a violation of § 724.4(1) is "another felony offense" for a defendant convicted of a federal felon-in-possession offense. Hellems argues Walker is distinguishable because the § 724.4(1) violation in that case involved discharge as well as possession of the firearm. However, in United States v. Boots, we applied Walker when the § 724.4(1) violation involved carrying a firearm in a vehicle without discharging it. 816 F.3d 971, 972, 974-75 (8th Cir.), cert. denied, 137 S. Ct. 209 (2016). Hellems's § 724.4(1) violation falls squarely within Boots and Walker, and those cases are controlling precedent.

Hellems further argues that § 724.4(1) is not "another felony offense" because, under Iowa law, it is an aggravated misdemeanor excluded from the definition of "crime punishable by imprisonment for a term exceeding one year" in 18 U.S.C. § 921(a)(20)(B). However, "§ 921(a)(20) is controlling for purposes of defining the felon-in-possession offense, while U.S.S.G. § 2K2.1 is controlling for purposes of determining the resulting Guideline sentence." United States v. Morris, 139 F.3d 582, 584 (8th Cir. 1998). A violation of § 724.4(1) is an aggravated misdemeanor punishable by up to two years' imprisonment. See Iowa Code § 903.1(2). Thus, it is a felony offense for purposes of USSG § 2K2.1(b)(6)(B). See Walker, 771 F.3d at 451; United States v. Hicks, 668 F. App'x 683, 684 (8th Cir. 2016).

The judgment of the district court is affirmed.

_____