United States Court of Appeals

For the Eighth Circuit

_____

No. 21-2159

_____

United States of America

*Plaintiff - Appellee*

v.

Jeremy D. Burnett

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: April 14, 2022
Filed: June 3, 2022

_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.

_____

MELLOY, Circuit Judge.

Defendant Jeremy D. Burnett pleaded guilty to being a felon in possession of a firearm and received a statutory-maximum ten-year sentence. In imposing this

sentence, the district court[1] varied upwardly from an advisory Guidelines range of 51–63 months. Mr. Burnett's Guidelines range resulted from a base offense level calculated pursuant to U.S.S.G. § 2K2.1(a)(4) that treated a prior felony assault conviction under Arkansas Code Annotated § 5-13-204 as a crime of violence. See U.S.S.G. § 4B1.2(a).

Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), arguing substantive unreasonableness and requesting to withdraw from representation. A panel of our court denied counsel's request and ordered briefing as to whether the prior Arkansas assault conviction qualified as a crime of violence. Having considered the issues raised by counsel and our prior panel, and having independently examined the record pursuant to Penson v. Ohio, 488 U.S. 75, 82–83 (1988), we affirm the judgment of the district court.

The Arkansas statute in effect at the time of Mr. Burnett's prior conviction provided:

> (a) A person commits aggravated assault if, under circumstances manifesting extreme indifference to the value of human life, he or she purposely:
>
>> (1) Engages in conduct that creates a substantial danger of death or serious physical injury to another person;
>> (2) Displays a firearm in such a manner that creates a substantial danger of death or serious physical injury to another person; or
>> (3) Impedes or prevents the respiration of another person or the circulation of another person's blood by applying pressure on the throat or neck or by blocking the nose or mouth of the other person.

---

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

Ark. Code. Ann. § 5-13-204 (2009).  We previously recognized section 5-13-204 as a divisible statute with discrete subdivisions.  See United States v. Jordan, 812 F.3d 1183, 1186–87 (8th Cir. 2016) (holding that Ark. Code. Ann. § 5-13-204(a)(1) does not qualify as a violent felony under 18 U.S.C. § 924(e)(2)(B)(i) because it does not have as an element the use or threatened use of physical force); see also United States v. Hataway, 933 F.3d 940, 945 (8th Cir. 2019) (addressing the firearm subdivision, Ark. Code. Ann. § 5-13-204(a)(2), and holding, "We agree with the district court that a prior conviction under subsection (a)(2) is, categorically, a violent felony under the ACCA force clause and a crime of violence under the guidelines force clause.").  Here, a state court charging document tendered without objection clarifies that Mr. Burnett was charged under subdivision (a)(3).

Although we have not previously addressed the third subdivision, we have held that an Arkansas statute with nearly identical language qualifies as a violent felony under 18 U.S.C. § 924(e)(2)(B)(i).  See United States v. Pyles, 888 F.3d 1320, 1322 (8th Cir. 2018) (interpreting Ark. Code. Ann. § 5-26-306(a)(3) (domestic abuse strangulation)); see also United States v. Parrow, 844 F.3d 801, 803 (8th Cir. 2016) (domestic abuse strangulation under Iowa law qualifies as a crime of violence for the purpose of U.S.S.G. § 2K2.1(a)(4)(A)).  As in these similar cases, we conclude the Arkansas assault-by-suffocation-or-strangulation statute qualifies as a crime of violence.

Regarding substantive reasonableness and application of the 18 U.S.C. § 3553(a) factors, we find no abuse of discretion.  See United States v. Ross, 29 F.4th 1003, 1008 (8th Cir. 2022) (standard of review).  Here, the district court permissibly placed substantial emphasis on Mr. Burnett's criminal history, noting that he had amassed more than twice the number of criminal history points necessary to place him in a criminal history category VI.

Finally, Mr. Burnett submitted several pro se letters to our court alleging ineffectiveness of counsel and otherwise raising issues not preserved below. We do not address the issues Mr. Burnett raises in his letters at this time because we lack a proper record concerning performance of counsel. A motion for collateral relief pursuant to 28 U.S.C. § 2255 is the proper vehicle for asserting claims regarding performance of counsel and developing an appropriate record. See United States v. Oliver, 950 F.3d 556, 566 (8th Cir. 2020) (noting that review of ineffective-assistance claims on direct appeal is appropriate only in narrow circumstances).

We affirm the judgment of the district court.

_____